UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARQUIS KINNEL,<br>    *Plaintiff*,<br><br>    v.<br><br>COMMISSIONER QUIROS, et al.,<br>    *Defendants.* | No. 3:25cv518 (OAW) |

## INITIAL REVIEW ORDER

Self-represented Plaintiff Marquis Kinnel is a sentenced prisoner in the custody of the Department of Correction ("DOC") at MacDougall-Walker Correctional Institution ("MWCI").[1] He asserts claims under 42 U.S.C. § 1983 against Commissioner Quiros, Correction Officer Decoteau, Lieutenant Parsons, Correction Officer Palladino, Disciplinary Report Investigator Reyes, Disciplinary Report Investigator Santaniello, Counselor/Advisor Laguna, Lieutenant Landolina, Correction Officer Philibert, Lieutenant/Disciplinary Hearing Officer Borkowski, District Administrator Nick Rodriguez, and Warden Guardarrama, claiming that they violated and conspired to violate his rights under the Fourteenth and Eighth Amendments of the Constitution of the United States.[2] He seeks damages and declaratory relief.

---

[1] The court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available information shows that Plaintiff was sentenced to twenty years in prison for Sexual Assault in the First Degree, on November 9, 2012, and that he is housed at MWCI. *See* "Department of Correction: Inmate Information," available at https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=341411 (last visited February 10, 2026).

[2] Plaintiff also asserts claims sounding in state tort law, but the court will not address any state claims herein. If the federal claims are dismissed, the court will decline to exercise supplemental jurisdiction over any state claims.

1

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  Upon review, the court must dismiss a complaint, or any portion thereof, which is frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Accordingly, the court has reviewed all factual allegations in the complaint and has conducted an initial review of the same.

I.     **FACTUAL BACKGROUND**[3]

The court does not include herein all of the allegations from the complaint but summarizes the facts to provide context to this initial review.[4]

On the afternoon of September 19, 2024, Officers Decoteau and Philibert conducted a search of Plaintiff's cell at MWCI.  Decoteau claimed that Plaintiff failed to obey verbal commands to stop resisting and to exit the cell, and that he snatched contraband away from Decoteau and flushed it down the toilet.  Plaintiff received a disciplinary report based on these claims, which he asserts are false. Philibert asserted that he had found two makeshift smoke pipes that smelled of marijuana next to Plaintiff's bunk area mixed in with his property.  On that same day, Lieutenant Parsons signed off

---

[3] All factual allegations are drawn from the complaint and are considered to be true for the purpose of initial review.

[4] Plaintiff has attached several pages of exhibits in support of his claims.  See ECF No. 1 at 11-39. The court has reviewed these attachments to the extent necessary for clarification of his claims.  However, Plaintiff is advised that he cannot plead the elements of his constitutional claims by relying on information about a defendant's conduct contained in his attachments to the amended complaint.  *Bey v. Doe*, No. 3:24-CV-1307 (SVN), 2025 WL 1167490, at *1 n.1 (D. Conn. Apr. 21, 2025); *Cruz v. Naqvi*, No. 3:21-cv-49 (MPS), 2021 WL 1406102, at *4 (D. Conn. Apr. 14, 2021) (noting that under Federal Rule of Civil Procedure 8, a complaint must be a plain and concise statement of facts constituting a claim recognized by law, and a plaintiff may not file exhibits in lieu of alleging facts in the complaint).

on five disciplinary reports, all apparently related to the search. Plaintiff pleaded guilty to two of them. The disciplinary report related to the smoke pipes later was dismissed.

The court gathers that the search yielded some 40 postcards that officials believed hid drugs, which Plaintiff denies. He asked Lieutenant Parsons and Officer Palladino to send the postcards to a lab for more accurate testing, but they refused his request.

Plaintiff was placed in the restrictive housing unit as a result of these allegations, where Disciplinary Investigators Reyes and Santaniello visited him on September 20, 2024. He advised them that he was innocent and wanted the 40 postcards lab tested to prove they were clean. He also asked Reyes and Santaniello to review the footage outside of his cell to show that he never snatched anything away from the officers. Reyes and Santaniello denied his request for lab testing and stated that the video footage would not help him. Counselor Laguna served as Plaintiff's advisor during disciplinary proceedings but failed to help him.

Disciplinary Hearing Officer Borkowski found Plaintiff guilty, but allegedly without fully investigating the issues. An attached Disciplinary Process Summary Report shows that Plaintiff received 7 days of punitive segregation, 90 days of tablet loss, 60 days of mail loss, and 15 days' forfeiture of Risk Reduction Earned Credits.

## II. **DISCUSSION**

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).

### A. <u>Personal Involvement</u>

A plaintiff seeking monetary damages from a defendant must allege facts which establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983).

Plaintiff has not alleged any specific facts in the body of the complaint describing any conduct by Commissioner Quiros, Warden Guardarrama, or Nick Rodriguez that violated his constitutional rights. Because no factual allegations reflect that these defendants had any personal involvement in the asserted violations of Plaintiff's rights, Plaintiff has not stated a plausible damages claim under 42 U.S.C. § 1983 against them. *See Oh v. Quiros*, No. 3:24-CV-148 (SVN), 2024 WL 896605, at *3 (D. Conn. Mar. 1, 2024) (dismissing claims under § 1983 against a nurse supervisor because there were no allegations about her conduct); *Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (dismissing all claims against supervisory defendants where the complaint established no connection between them and alleged constitutional violations). Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 against these defendants are dismissed without prejudice.

B.      **Fourteenth Amendment**

A procedural due process claim "proceeds in two steps: [the court] first ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so . . . whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). In the prison context, which involves persons whose liberty interests have already been severely restricted because of their confinement, a plaintiff cannot show a cognizable deprivation of "liberty" unless he can show that he was subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The United States Court of Appeals for the Second Circuit has explained that in determining whether a prisoner-litigant has shown "atypical and significant hardship," courts must examine the actual punishment received as well as the conditions and duration of the punishment. *See Davis v. Barrett*, 576 F.3d 129, 133–34 (2d Cir. 2009) (per curiam); *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis*, 576 F.3d at 133.  Absent allegations of a cognizable liberty interest, a Fourteenth Amendment due process claim may be dismissed.[5]

As an initial matter, "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

---

[5] It is not clear whether Plaintiff asserts a due process violation against Officer Decoteau, Officer Philibert, and Lieutenant Parsons for issuing him false disciplinary charges.  But to the extent he makes such claim, it is not plausible and must be dismissed because an inmate "has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

5

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  This is because "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [Section] 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).[6]

The court notes that the Disciplinary Process Summary Report attached to the complaint shows that Plaintiff was sanctioned with 7 days' confinement in punitive segregation, 90 days of tablet loss, 60 days of mail loss, and forfeiture of 15 days of RREC (which is a credit against his sentence).  ECF No.1 at 28.  "If an inmate earns RREC, the application of RREC to an inmate's sentence affects the overall duration of the inmate's confinement[,]" and generally, "a claim regarding the length of one's sentence must be brought as a habeas claim."  *See Green v. Riffo*, No. 18-CV-960, 2019 WL 2302412, at *9 (D. Conn. May 29, 2019).

The Second Circuit has held that where an inmate has received "mixed sanctions" at a disciplinary hearing, *i.e.*, sanctions affecting both his conditions of confinement and the duration of his confinement, he cannot pursue a due process claim under section 1983 unless he foregoes, for all time, any challenge to the sanctions affecting the duration of his confinement.  *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).  Thus,

---

[6] In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court of the United States made clear that *Heck*'s favorable termination rule applies to challenges made under Section 1983 to procedures used in prison disciplinary proceedings that deprived a prisoner of good time credits.  *Id.* at 646 ("The principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits.").

Plaintiff's procedural due process claims challenging his disciplinary procedures are barred under *Heck*, and he cannot proceed with such claims unless he waives for all time any challenge to the forfeiture of RREC.

This point aside, though, Plaintiff has not alleged facts sufficient to suggest a violation of his procedural due process rights in connection with any disciplinary hearing. Disregarding the forfeiture of RREC days, the sanctions imposed do not suggest that Plaintiff suffered any atypical or significant hardship resulting from his disciplinary proceedings and Plaintiff has not alleged facts describing any onerous conditions. *See St. Louis v. McClain*, 2018 WL 6421060, at *3 (D. Conn. 2018) (dismissing procedural due process claim of prisoner who was in segregated housing for 30 days where "he was denied his personal property, mail, church services, contact visits, phone privileges, commissary privileges, and recreation" because "[t]hese deprivations are insufficient to establish an 'atypical and significant hardship'"); *Harnage v. Brighthaupt*, 168 F. Supp. 3d 400, 412 (D. Conn. 2016) (dismissing prisoner's due process claim because a 20-day confinement in segregation represented no atypical and significant hardship, and noting that plaintiff "has no constitutional right to telephone use, to communal meals, or to be free from cell restrictions"), *aff'd,* 720 F. App'x 79 (2d Cir. 2018). Thus, Plaintiff has not alleged facts sufficient to raise an inference that he was deprived of a liberty interest.

Because Plaintiff's procedural due process claim is barred under *Heck*, and he has not plausibly alleged a cognizable liberty interest arising from his disciplinary proceedings, the court dismisses the Fourteenth Amendment claim against all Defendants.

B. <u>Eighth Amendment</u>

The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, *see Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002), prohibits "cruel and unusual punishments." U.S. Const. Amend. VIII. It protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). This includes protection from the use of excessive force used by prison officials, *see Hudson v. McMillian*, 503 U.S. 1, 4 (1992), and from acts by prison officials that are deliberately indifferent to inmates' health or safety, *see Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994); *see also Blyden*, 186 F.3d at 262-63 (explaining distinctions between excessive force and deliberate indifference claims).

For an Eighth Amendment excessive force claim, a plaintiff must show that the force employed by a defendant was not "applied in a good-faith effort to maintain or restore discipline" but was done "maliciously or sadistically to cause harm," and that the harm done was objectively serious enough to violate Plaintiff's constitutional right to be free from such harm. *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000).

An inmate seeking to establish an Eighth Amendment violation due to a prison official's deliberate indifference to his or her health and safety must prove (1) that the prisoner is incarcerated under conditions posing a substantial risk of serious harm, and (2) that the prison official had a sufficiently culpable state of mind, "which in prison-conditions cases is one of deliberate indifference to inmate health or safety." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (citing *Farmer*, 511 U.S. at 834 ); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*). For the second element, a plaintiff

must allege that a defendant acted not merely carelessly or negligently. *Goode v. Salias*, No. 3:24-CV-1010, 2024 WL 3718268, at *5 (D. Conn. Aug. 8, 2024). Instead, a plaintiff must allege facts to reflect that a defendant was aware of a substantial risk that the plaintiff would be seriously harmed absent action by the defendant. *See, e.g.*, *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (*per curiam*).

It is not clear whether Plaintiff alleges that he was subjected to excessive force, deliberate indifference to his health and safety, or both. He merely states, in conclusory fashion, that he was subjected to cruel and unusual punishment. This is insufficient to carry an Eighth Amendment claim. *Burke v. Lamont*, No. 3:22-CV-475 (OAW), 2022 WL 3997549, at *14 (D. Conn. Sept. 1, 2022) ("Plaintiff cannot mention a claim without providing factual support for that claim."). *See also Monger v. Conn. Dep't of Transp.*, No. 3:17-CV-00205 (JCH), 2017 WL 3996393, at *5 (D. Conn. Sept. 11, 2017) ("Merely mentioning the state constitution, however, is not sufficient to state a claim upon which relief can be based.").

Because Plaintiff does not allege facts reflecting that he was subjected to either excessive force or deliberate indifference by any Defendant, the court dismisses Plaintiff's Eighth Amendment claims.

C. **Conspiracy**

Finally, Plaintiff asserts a conspiracy to violate his constitutional rights. To support this allegation, he "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (quoting *Romer v. Morgenthau*,

119 F. Supp. 2d 346, 363 (S.D.N.&. 2000)) (internal quotation marks and citations omitted). Thus, the complaint must contain "enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). "It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Brook v. Ruotolo*, No. 23-1339, 2024 WL 3912831, at *3 (2d Cir. Aug. 23, 2024) (summary order); *see also Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999) (plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy"). Plaintiff makes only a conclusory assertion of a conspiracy without providing any factual allegations to suggest that Defendants entered into agreement of any kind to violate Plaintiff's constitutional rights.

Accordingly, Plaintiff's claim of conspiracy is dismissed.

## III.   ORDERS

Consistent with the foregoing discussion, Plaintiff's federal claims are DISMISSED without prejudice. *See* 28 U.S.C. § 1915A(b)(1). The court declines to exercise jurisdiction over any state law claims under 28 U.S.C. § 1367(c)(3).

The court affords Plaintiff one opportunity to file an amended complaint, on or before **March 12, 2026,** if he believes in good faith that he can correct the deficiencies identified in this Initial Review Order. Plaintiff is advised that he cannot proceed on a claim of Fourteenth Amendment due process violation to challenge his disciplinary proceedings **unless** he provides a notice that he waives for all time any challenge to the disciplinary sanction of forfeiture of RREC.

Failure to file the amended complaint within this time period will result in the dismissal of the case with prejudice. Plaintiff is advised that any amended complaint will completely replace his prior complaint in this action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

**IT IS SO ORDERED** at Hartford, Connecticut, this 10th day of February, 2026.

                                                                     /s/
                                        OMAR A. WILLIAMS
                                        UNITED STATES DISTRICT JUDGE