**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

<table>
<tr><td>

MARQUIS KINNEL,
    *Plaintiff*,

v.

COMMISSIONER QUIEROS, et al.,
    *Defendants.*

</td><td>

No. 3:25-cv-518 (OAW)

</td></tr>
</table>

## <u>INITIAL REVIEW ORDER</u>

Self-represented Plaintiff Marquis Kinnel, a sentenced inmate imprisoned at MacDougall-Walker Correctional Institution ("MacDougall"),[1] has filed an amended complaint under 42 U.S.C. § 1983[2] after his initial complaint was dismissed.  ECF No. 16. The amended complaint asserts claims against Commissioner Quiros, Officer Decoteau, Lieutenant Parsons, Officer Palladino, Disciplinary Report Investigator Reyes, Disciplinary Report Investigator Santaniello, Counselor Laguna, Lieutenant Landolina, Officer Philibert, Lieutenant/Disciplinary Hearing Officer Borkowski, District Administrator Nick Rodriguez, and Warden Guardarrama in their individual capacities.[3]  Plaintiff again claims that Defendants violated and conspired to violate his rights under the Fourteenth

---

[1] Plaintiff was sentenced in November 2012 and currently resides at MacDougall.  *See* DOC, *Offender Information Search*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=341411 (last visited May 31, 2026).  The court may take judicial notice of content on this website.  *Taveras v. Semple*, No. 3:15CV00531(SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023).

[2] Plaintiff also asserts state law claims, but the court limits its review under 28 U.S.C. § 1915A to federal law claims because the purpose of initial review order is promptly to determine whether the lawsuit may proceed at all in federal court.  If there are no facially plausible federal claims, then the court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

[3] Generally, a complaint must include the names of all parties in the case caption. *See* Fed. R. Civ. P 10(a). Though the case caption names only Commissioner Quiros as a defendant, the list of parties in the body of the complaint names the eleven other defendants.  ECF No. 19 at 2–3.  The court finds this sufficient to identify these individuals as defendants.  *See Imperato v. Otsego County Sheriff's Depart.*, 2016 WL 1466545, at *26 (N.D.N.Y. April 14, 2016) ("[C]ourts have found pro se complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants.").

1

and Eighth Amendments of the Constitution of the United States.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).  In accordance with this statute, the court has reviewed all factual allegations in the amended complaint and conducted an initial review of the same.

The facts remain largely the same as previously alleged: Defendants Parsons, Decoteau and Philibert conducted a search of Plaintiff's cell, looking for contraband. Defendant Decoteau claimed that Plaintiff failed to obey verbal commands to stop resisting and to exit, and that Plaintiff snatched contraband away from him and flushed it down the toilet.  Plaintiff contends that these allegations are false.  Defendant Decoteau asserted in a disciplinary report that Plaintiff had forty postcards that allegedly contained a synthetic drug, which Plaintiff denies.  He requested that the cards be sent out to a lab for testing, claiming that the test kit used could return inaccurate results, and that only one test kit was used for the forty postcards when every card should have been tested with a separate test kit. Defendant Parsons denied that request.

Separately, Defendant Philbert issued another disciplinary report, charging Plaintiff with having two makeshift smoke pipes next to his bunk area, which later was dismissed. Plaintiff asserts these allegations also were false.

Defendant Parsons signed off on both disciplinary reports.

Plaintiff was placed in the restrictive housing unit ("RHU") for sixteen or seventeen days as a result of the false charges made against him in the disciplinary reports.  Plaintiff was forced to endure 22 hours per day in a cell about 60 square feet in size.  While in the RHU, Plaintiff lost many privileges, including his ability to retain his personal property; engage in work; attend religious services or educational and vocational programs; watch television; associate with other prisoners; participate in outdoor recreational activities or sports in a congregate setting; and take meals with other prisoners.

Plaintiff alleges that his RHU confinement has left him with mistrust for DOC staff and that he suffered mental distress from being falsely charged.  He states that he cannot understand why he was treated differently all other prisoners.

After review of the amended complaint, it clearly fails to address the deficiencies previously identified, and therefore the amended complaint also must be dismissed.

First, as the court stated in its first initial review order, a plaintiff seeking monetary damages from a defendant must allege facts which establish the personal involvement of that defendant in the alleged constitutional violation.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)).  But Plaintiff has not alleged *any* facts as to Defendants Quieros, Palladino, Reyes, Santaniello, Laguna, Landolina, Philibert, Borkowsky, Rodriguez, or Guadarrama. Accordingly, any claims against these defendants are dismissed.

On prior initial review, the court noted that because Plaintiff's procedural due process claims challenge a disciplinary procedure that resulted, in part, in the loss of

3

RREC (a credit against his sentence), the court could not review it absent a waiver, for all time, of any challenge to the forfeiture of RREC.  *See* ECF No. 16 at 6-7 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)) ("When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").  Plaintiff has not filed any waiver of a challenge to the forfeiture of his RREC imposed as a result of his disciplinary proceedings.  This claim therefore must be dismissed for this reason, again.[4]

Next, after the prior initial review, the court dismissed Plaintiff's Eighth Amendment claims because he merely alleged that he was subjected to cruel and unusual punishment without providing factual support for his claims of Eighth Amendment violation.  ECF No. 16 at 9 (citing *Burke v. Lamont*, No. 3:22-CV-475 (OAW), 2022 WL 3997549, at *14 (D. Conn. Sept. 1, 2022) ("Plaintiff cannot mention a claim without providing factual support for that claim.").  Plaintiff's amended complaint now alleges that his prison conditions during his sixteen or seventeen days of RHU confinement violated his Eighth Amendment right to protection from cruel and unusual punishment.  Specifically, Plaintiff allegedly endured segregation in the RHU, with 22 hours of in cell time per day in a "roughly" 60-square foot cell; without his personal property.  His allegations indicate that he had little or no social interaction or mental stimulation during his RHU confinement as he unable

---

[4] Even presuming that Plaintiff somehow intends to challenge only the charges that resulted in sanctions that do not affect his RREC, the court previously found that the other sanctions do not suggest any violation of his procedural due process rights, and there are no new facts in the amended complaint that might disturb that conclusion.  To the extent Plaintiff attempts to resurrect his "false charges" claim, the court merely reiterates that such a claim is not plausible and must be dismissed because an inmate "has no general constitutional right to be free from being falsely accused in a misbehavior report." ECF No. 16 at 5 n.5 (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)).

work, attend religious services or educational and vocational programs, watch television, associate with other prisoners, participate in outdoor recreational activities or sports in a congregate setting, or take meals with other prisoners.

However, as discussed in the prior initial review order, none of this shows a hardship that would give rise to a constitutional claim. *See  St. Louis v. McClain*, 2018 WL 6421060, at *3 (D. Conn. 2018) (dismissing procedural due process claim of prisoner who was in segregated housing for 30 days where "he was denied his personal property, mail, church services, contact visits, phone privileges, commissary privileges, and recreation" because "[t]hese deprivations are insufficient to establish an 'atypical and significant hardship'"); *Harnage v. Brighthaupt*, 168 F. Supp. 3d 400, 412 (D. Conn. 2016) (dismissing prisoner's due process claim because a 20-day confinement in segregation represented no atypical and significant hardship, and noting that plaintiff "has no constitutional right to telephone use, to communal meals, or to be free from cell restrictions"), *aff'd,* 720 F. App'x 79 (2d Cir. 2018); *Doyle v. Santiago*, No. 3:19-CV-901 (MPS), 2019 WL 5298147, at *8 (D. Conn. Oct. 18, 2019) (holding that no objective deprivation occurred where plaintiff's two-year confinement in SRG Program conditions included only one hour of outdoor recreation per weekday with 23 hours in the cell, visits only from immediate family, limited telephone calls, no access to books, and no programming); *Pagan v. Dougherty*, No. 3:18-cv-1668 (VLB), 2019 WL 2616975, at *6 (D. Conn. June 26, 2019) (allegations that, during two-year administrative confinement in SRG program, prisoner was deprived of telephone use, visits from friends and family, eligibility for parole, access to educational and vocational services; showers were limited to three per week; and prisoner was confined in his cell for 23 hours per day did not

support objective component of Eighth Amendment claim for inhumane conditions of confinement) (citing cases).  Thus, this claim also must be dismissed again.

Finally, Plaintiff now for the first time implies that he was treated differently from all other prisoners.  It is not clear whether Plaintiff intends to assert an equal protection claim, but a passing comment is insufficient to assert a constitutional claim, and therefore the court will not address any such claim.

For these reasons, the amended complaint hereby is **DISMISSED.**  Because this is Plaintiff's second attempt at an actionable claim, and the facts as he twice has alleged them cannot support a Section 1983 action, this dismissal is **with prejudice.**  The Clerk of Court is instructed to please close this action.


**IT IS SO ORDERED** at Hartford, Connecticut, this 1st day of June, 2026.


_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE